**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAREN LEE WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-03-1002-M |
| ) | |
| FARMERS INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss Case with Prejudice for Plaintiff's Repeated Failure to Comply with Court's Orders, filed April 13, 2005. On April 26, 2005, plaintiff filed her response.

On February 22, 2005, this Court issued an order granting defendant's "Second Motion to Compel Full, Complete and Unevasive Answers to Defendant's First Set of Interrogatories and First Request for Production of Documents" and ordering plaintiff to provide full, complete, and non-evasive answers to defendant's discovery requests by April 1, 2005. Additionally, in its order, the Court advised plaintiff that based upon her prior conduct,[1] any additional failure on her part to comply with the Court's orders and deadlines and to actively participate in this action would likely result in the case being dismissed. Plaintiff failed to provide any additional responses to defendant's discovery, and defendant has now moved to dismiss this action with prejudice.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). "Before choosing

---

[1] A detailed recitation of the procedural history of this matter is set forth in the Court's February 22, 2005 Order [docket no. 59].

dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). These factors are not a rigid test but represent criteria for the court to consider prior to imposing dismissal as a sanction. *Id.* "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Id.* at 918.

In her response, plaintiff states that while represented by counsel, she provided information in response to defendant's discovery requests but never reviewed the responses that were submitted by her counsel.[2] Further, plaintiff states that she was never advised by her counsel that defendant was not satisfied with her answers to its discovery requests and had filed motions to compel additional responses. Plaintiff also states that she is prepared to fully comply with defendant's discovery requests upon being advised as to the deficiencies of her prior responses.

Having carefully reviewed the parties' submissions, and having weighed the factors set forth above, the Court finds that dismissal of the instant action with prejudice would not satisfy the interests of justice and is not appropriate. Instead, the Court finds that plaintiff and defendant's counsel should meet and confer regarding the deficiencies of plaintiff's original responses and that plaintiff should be granted a brief extension of time to provide additional responses to defendant's

---

[2]In her response, plaintiff makes several statements regarding the conduct of her counsel. The Court will address only those statements which bear on the instant motion to dismiss.

discovery requests. The Court, however, would again advise plaintiff that any additional failure on her part to comply with this Court's orders and deadlines and to actively participate in this action could result in this case being dismissed.

Accordingly, the Court DENIES defendant's Motion to Dismiss Case with Prejudice for Plaintiff's Repeated Failure to Comply with Court Orders [docket no. 63], DIRECTS plaintiff and defendant's counsel to meet and confer regarding the deficiencies of plaintiff's original discovery responses by May 20, 2005, ORDERS plaintiff to provide additional responses to defendant's discovery requests by June 6, 2005, and SETS this matter on the Court's August, 2005 Status and Scheduling Conference Docket.

**IT IS SO ORDERED this 4th day of May, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE